USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/16/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

              :

   UNITED STATES OF AMERICA,    :

              :

        -v-         :          1:10-cr-464-GHW

              :

   SAIMIR KRASNIQI,       :           ORDER

              :

           Defendant.  :

              :

------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

On March 1, 2021, the Court docketed a letter from Saimir Krasniqi. Dkt. No. 546. In his letter, Mr. Krasniqi requests that the Court order him released to home detention on compassionate release in connection with the COVID-19 pandemic.

The Court must deny the application at this time because it is not apparent from Mr. Krasniqi's letter that he has taken the steps necessary to obtain the relief that he is requesting pursuant to the governing statute. Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under the statute, an inmate must satisfy certain preconditions before bringing a motion for compassionate release to the Court. In particular, an inmate must make a request to the warden of his facility to bring a compassionate release on his behalf before requesting relief from the Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . .").

Therefore, in order for Mr. Krasniqi to move this Court for compassionate release, he must

first apply to the warden of his facility, requesting that the Bureau of Prisons make an application for compassionate release on his behalf.  In the event that the BOP does not respond to the application within 30 days, the statute then permits Mr. Krasniqi to make an application to the Court.  The Court requests that in any subsequent application, Mr. Krasniqi provide information regarding when and how he requested the warden of his facility to move for compassionate release on his behalf.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 546 and to mail a copy of this order to Mr. Krasniqi.

SO ORDERED.

Dated:  May 16, 2021
        New York, New York

_____
GREGORY H. WOODS
United States District Judge